NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000775
30-APR-2015
09:45 AM**

NO. CAAP-12-0000775

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
MARK L. RICHARDSON, JR., Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Ewa Division)
(CASE NO. 1DTA-11-03535)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Reifurth, JJ.)

Defendant-Appellant Mark L. Richardson, Jr.
(Richardson) appeals from Judgment entered on August 7, 2012, in
the District Court of the First Circuit (District Court).[1] After
a bench trial, Richardson was convicted of operating a vehicle
under the influence of an intoxicant (OVUII), in violation of
Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2014).[2]

---

[1] The Honorable David T. Woo, Jr. presided.

[2] HRS § 291E-61(a)(3) provides:

    (a) A person commits the offense of operating a vehicle
under the influence of an intoxicant if the person operates or
assumes actual physical control of a vehicle:

    . . .

    (3)    With .08 or more grams of alcohol per two hundred ten
        liters of breath[.]

On appeal, Richardson contends that: (1) the complaint against him was defective; (2) the District Court failed to comply with the requirements of Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995); (3) the District Court erred in accepting the parties' evidentiary stipulation without first conducting a colloquy with Richardson; (4) the District Court erred in denying Richardson's motion to dismiss for violation of the speedy trial requirements of Hawai'i Rules of Penal Procedure (HRPP) Rule 48 (2000); and (5) the District Court erred in admitting the results of his breath test because: (a) the results were obtained in violation of his Miranda rights; (b) Plaintiff-Appellee State of Hawai'i (State) failed to lay a sufficient foundation for admission of the test results, in particular, by failing to show compliance with manufacturer's specifications in operating the Intoxilyzer 8000 model used to obtain the breath test results; (c) the District Court erred in taking judicial notice that the Department of Health approved in writing the Intoxilyzer 8000 model as a breath alcohol testing instrument and the use of its internal standards as an accuracy verification device; and (d) the District Court erred in denying his discovery requests.

The State concedes error as to points 2 and 4. We agree with the State's concession of error on these two points. We also conclude that Richardson's remaining points of error lack merit. We vacate Richardson's OVUII conviction, and we remand the case with instructions that the District Court (1) determine whether the dismissal pursuant to HRPP Rule 48 will be with or without prejudice and (2) enter findings in accordance with State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981), and State v. Hern, 133 Hawai'i 59, 323 P.3d 1241 (App. 2013), in support of its decision.

I.

We address the issues raised by Richardson as follows.

1.    The State's complaint against Richardson was not defective.  The State filed a written complaint charging Richardson with OVUII in violation of HRS § 291E-61(a)(1) and/or

2

(a)(3). However, the State decided not to proceed on the HRS § 291E-61(a)(1) violation and therefore only read the portion of the charge alleging the HRS § 291E-61(a)(3) violation in its oral recitation of the charge prior to trial. Contrary to Richardson's claim, this oral recitation did not constitute an improper amendment of the charge.

We reject Richardson's claim that the charge was defective because its allegations were in the disjunctive. See State v. Codiamat, 131 Hawai'i 220, 226-27, 317 P.3d 664, 670-71 (2013); State v. Vaimili, 134 Hawai'i 264, 272-73, 339 P.3d 1065, 1073-74 (App. 2014), cert. granted, No. SCWC-12-0000115, 2015 WL 745351 (Feb. 20, 2015). We also reject Richardson's claim that the charge was defective because it failed to include the statutory definition of "alcohol." State v. Turping, No. CAAP-13-0002957, 2015 WL 792715 (Hawai'i App. Feb. 25, 2015).

2. We agree with the State's concession of error that the District Court failed to comply with the requirements of Tachibana. The District Court did not, prior to the start of trial, provide Richardson with the pre-trial advisement suggested in Tachibana, see Tachibana, 79 Hawai'i at 237 n.9, 900 P.2d at 1304 n.9, and later mandated in State v. Lewis, 94 Hawai'i 292, 297, 12 P.3d 1233, 1238 (2000). The District Court's "ultimate colloquy," the one required by Tachibana, was deficient. See Tachibana, 79 Hawai'i at 236 n. 7, 900 P.2d at 1303 n. 7. The District Court also failed to obtain an on-the-record waiver from Richardson himself. See State v. Staley, 91 Hawai'i 275, 286-87, 982 P.2d 904, 915-16 (1999); State v. Hoang, 94 Hawai'i 271, 278, 12 P.3d 371, 378 (App. 2000). Richardson did not testify, and the State does not argue that the District Court's error in failing to comply with the requirements of Tachibana was harmless.

3. Citing State v. Murray, 116 Hawai'i 3, 169 P.3d 955 (2007), Richardson argues that the District Court erred in accepting the parties' evidentiary stipulation without first conducting a colloquy with Richardson. Murray, however, imposed a colloquy requirement where the defendant stipulated to an

essential element of the charged offense; <u>Murray</u> did not hold that the trial court must engage the defendant in a colloquy for every single stipulation agreed to by the parties. <u>See id.</u> at 10-14, 169 P.3d at 962-65. Here, the District Court's acceptance of the evidentiary stipulation without conducting a colloquy with Richardson did not constitute error under <u>Murray</u> because Richardson did not stipulate to an essential element of the OVUII offense.

Moreover, in <u>Murray</u>, after invalidating the parties' stipulation to an essential element of the charged offense because the trial court failed to engage the defendant in a colloquy, the Hawai'i Supreme Court remanded the case for new trial. <u>Id.</u> at 14, 21, 169 P.3d at 965, 973. Accordingly, the invalidation of a stipulation based on <u>Murray</u> does not result in the exclusion of the stipulated evidence in determining on appeal whether sufficient evidence was presented at trial.

4. The State concedes that the speedy trial requirements of HRPP Rule 48 were violated and that the District Court erred in denying Richardson's motion to dismiss pursuant to HRPP Rule 48. We agree with this concession of error, which requires that Richardson's OVUII conviction be vacated and the OVUII charge against him be dismissed. On remand, the District Court shall determine whether to dismiss the OVUII charge with or without prejudice based on the violation of HRPP Rule 48. In rendering its decision, the District Court shall consider the factors set forth in <u>Estencion</u>, 63 Haw. at 269, 625 P.2d at 1044, and shall "clearly articulate the effect of the <u>Estencion</u> factors and any other factor it considered in rendering its decision." <u>Hern</u>, 133 Hawai'i at 60-61, 63-65, 323 P.3d at 1242-43, 1245-47.

5. We reject Richardson's claim that the District Court erred in admitting the results of his breath test. The breath test results were not obtained in violation of Richardson's <u>Miranda</u> rights. <u>State v. Won</u>, 134 Hawai'i 59, 332 P.3d 661 (App. 2014), <u>cert. granted</u>, No. SCWC-12-0000858, 2014 WL 2881259 (Jun. 24, 2014). The State laid a sufficient foundation for the admission of the test results from the Intoxilyzer 8000;

4

the State sufficiently established the reliability of the test results by demonstrating compliance with the applicable administrative rules, and it was not required to show compliance with manufacturer specifications to lay a sufficient foundation for the admission of the test results. See State v. Hsu, No. CAAP-10-0000214, 2013 WL 1919514, at *1-2 (Hawai'i App. May 9, 2013) (SDO). The District Court was authorized to take judicial notice that the Department of Health approved the Intoxilyzer 8000 model as an breath alcohol testing instrument and the use of its internal standards as an accuracy verification device based on certified documents from the Department of Health on file with the District Court. See Hawaii Rules of Evidence Rule 201(b) (1993); Hawai'i Administrative Rules § 11-114-5 (1993). Finally, Richardson fails to establish that the District Court erred in denying his discovery requests. See HRPP Rule 16 (2011); State v. Marsland, 71 Haw. 304, 308-09, 788 P.2d 1281, 1284 (1990).

II.

Based on the foregoing, we vacate the District Court's Judgment with respect to Richardson's OVUII conviction, and we remand the case with instructions that the District Court (1) determine whether to dismiss the OVUII charge with or without prejudice pursuant to HRPP Rule 48; and (2) consider the factors set forth in Estencion and clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision.

DATED: Honolulu, Hawai'i, April 30, 2015.

On the briefs:

Richard L. Holcomb
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

*Daniel R. Foley*

Associate Judge

*Lawrence M. Reifurth*

Associate Judge

5